## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YVETTE PICHLER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COTIVITI, INC.,<br><br>    Defendant. | **MEMORANDUM DECISION & ORDER DENYING JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT**<br><br>Case No. 2:23-cv-00884<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

### INTRODUCTION

Plaintiff Yvette Pichler filed this collective action against Defendant Cotiviti, Inc., alleging, among other things, violations of the Fair Labor Standards Act ("FLSA"). Before the Court is the parties' joint motion for approval of a proposed settlement agreement (the "Joint Motion"). For the reasons discussed below, the Court DENIES the Joint Motion without prejudice.

### BACKGROUND

Ms. Pichler works as a Records Retrieval Agent ("RRA") for Defendant.[1] She commenced this action on behalf of herself and a proposed class of other employees, alleging that Defendant violated the FLSA by failing to compensate employees for overtime labor and flouting required recordkeeping procedures.[2] Ms. Pichler requested conditional certification of her proposed class under the FLSA, and this Court granted the request in part, narrowing the putative class to RRAs

---

[1] ECF No. 1 at 3, 4, 6.
[2] *See id.* at 4, 9–15, 21–23. Ms. Pichler's complaint also includes claims for breach of contract and unjust enrichment. *See id.* at 23–24.

who, like Ms. Pichler, worked for Defendant as non-exempt employees through Defendant's McKinney, Texas call center during the preceding three years.[3] At that time, the Court declined to approve Ms. Pichler's proposed notice to the putative class members and instead directed the parties to confer and attempt to draft a mutually agreeable notice.[4] Before submitting a new proposed notice, however, the parties entered settlement negotiations, and this Court stayed this case at their request.[5] The parties have now reached a settlement agreement and would like this Court to approve it.[6]

The proposed settlement agreement requires Defendant to pay $99,999.99 into a settlement fund administered by a third party to cover payments to putative class members, service payments to Ms. Pichler and her co-plaintiff, Yessenia Abrams, $35,333.33 in legal fees and expenses for class counsel (subject to Court approval), and administrative costs.[7] As noted above, the putative class members have not received notice of this action, so the settlement agreement provides that the settlement administrator will simultaneously send each of them a notice of settlement and a settlement check.[8] The putative class members will then have 120 days to opt in to the settlement by endorsing and cashing the check, thereby releasing their claims against Defendant.[9] When the 120-day period expires, any remaining money in the settlement fund will be remitted to Defendant.[10]

---

[3] ECF No. 25 at 1; ECF No. 33 at 2, 19.
[4] ECF No. 33 at 18–19.
[5] ECF No. 34 at 1; ECF No. 35.
[6] *See* ECF No. 28 at 1.
[7] ECF No. 38-1 at 2–4.
[8] *Id.* at 5, 8.
[9] *Id.* at 8–10.
[10] *Id.* at 8.

## **ANALYSIS**

As an initial matter, while the Tenth Circuit has not determined whether court approval is needed to settle an FLSA action, several courts within this district, along with numerous others, have required such approval. *See, e.g.*, *Keel v. O'Reilly Auto Enterprises, LLC*, No. 2:17-cv-667, 2018 WL 10509413, at *2 (D. Utah May 5, 2018). This Court will adopt that approach as well because it not only represents the majority view but also comports with the underlying purposes of the FLSA, which include providing leverage to "the unprotected, unorganized and lowest paid of the nation's working population." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 297, 707 n.18 (1945); *see also id.* at 706–07 ("To allow waiver of statutory wages [under the FLSA] by agreement would nullify the purposes of the [FLSA]."); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982) ("Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus the provisions are not subject to negotiation or bargaining between employers and employees.").

In determining whether to approve a proposed settlement in an FLSA action, courts consider, among other things, whether the proposal is "fair and reasonable to all parties concerned" and "contain[s] a reasonable award of attorneys' fees." *Keel*, 2018 WL 10509413, at *2. In performing this analysis, many courts have declined to approve FLSA settlements where the parties ask for approval without first notifying the putative class members and giving them an opportunity to opt in to the lawsuit and raise objections. *See, e.g.*, *Cazeau v. TPUSA, Inc.*, No. 2:18-cv-00321, 2020 WL 3605652, at *6 (D. Utah July 2, 2020) (denying request for settlement approval where putative class members were to "opt into the action and join the settlement at the same time without an opportunity to object to the Settlement Agreement"); *Shahlai v. Comcast*

3

*Cable Commc'ns Mgmt., LLC*, No 16-cv-2556, 2018 WL 3870129, at *6–7 (D. Colo. Aug. 15, 2018) (declining to approve a proposed settlement, in part, because approving the settlement before giving notice to putative class members would provide them with "little opportunity to participate meaningfully in the litigation").

Here, the Court likewise concludes that approving the proposed settlement agreement and an award of attorneys' fees would be inappropriate at this juncture because the putative class members have not received notice of the action, the option to join the class, or an opportunity to raise objections to the settlement. Notably, as other courts have observed, it is essentially impossible for the Court to properly evaluate the parties' proposals in this posture because the Court does not know how many putative class members will choose to join the lawsuit and, consequently, cannot determine how the proposed award of attorneys' fees will compare to the overall amount to be recovered by the class plaintiffs. *See Prim v. Ensign U.S. Drilling, Inc.*, No 15-cv-02156, at *2 (D. Colo Aug 2, 2018) (explaining that "plaintiff's failure to provide putative class members with notice and an opportunity to opt in to the lawsuit before seeking final approval of the parties' proposed settlement" left the court unable to properly assess the settlement agreement and the proposed attorneys' fees because there was a possibility that "the total actual recovery of the plaintiff class [would] be significantly lower than the projected net settlement amount, potentially rendering [the proposed award of attorneys' fees] unreasonable"); *Copeland-Stewart v. New York Life Ins. Co.*, No. 8:15-cv-159, 2016 WL 231237, at *2–3 (M.D. Fla. Jan. 19, 2016) (concluding that approval of a settlement agreement and an award of attorneys' fees without first giving notice to putative class members was premature because it was unclear "how many plaintiffs [would] opt into [the] action"). Thus, the Court denies the parties' request to

approve the proposed settlement agreement without prejudice and directs them to draft a new agreement for the Court's review that provides putative class members with the following in advance of the Court's final approval of the settlement: (1) notice of this action, (2) the opportunity to opt in to the class, and (3) the ability to raise objections to the settlement agreement.

## **ORDER**

For the reasons discussed above, the Court DENIES the parties' Joint Motion (ECF No. 38) without prejudice.

DATED this 31st day of October 2024.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge